LOUIS DEJONGE AND ANOTHER, AS EXECUTORS, &c., RESPONDENTS, *v.* CHARLES BRENNEMAN AND OTHERS, HEIMAN STEINART AND ISADOR ABRAHAMS, APPELLANTS, IMPLEADED, &c.

*Violation of an injunction—power of the court to impose a fine therefor—how the amount of the fine is to be determined.*

In proceedings to punish a defendant for contempt, for violating an injunction restraining him from collecting the rents of certain premises during the pendency of an action, brought to foreclose a mortgage thereon, the court can only impose such a fine as shall be sufficient to indemnify the party aggrieved for his actual loss and injury, and to satisfy his costs and expenses in the proceedings.

The amount of the loss and injury must be established by the same proof as would be required in an action at law, to recover the damages sustained.

APPEAL from an order, made by Justice LAWRENCE, to punish the defendants Steinart and Isador Abrahams, as for a contempt

in disobeying an order of injunction granted herein, restraining them from collecting the rents of certain premises during the pendency of this action, which was brought to foreclose a mortgage thereon, and appoint a receiver thereof.

*Samuel J. Crooks,* for the appellants.

*George J. Greenfield,* for the respondents.

BRADY, J.:

The misconduct constituting the contempt was the collection of rents of the mortgaged premises, mentioned in the complaint. It appears satisfactorily from the evidence presented at the hearing of the motion for an order to punish the persons named, that the sum collected by them improperly was about $326; and the court directed the payment of $50, for the costs and expenses of the proceedings to punish for the contempt committed.

The learned justice imposed upon the persons named a fine of $710 for their misconduct, and as an indemnity to the plaintiffs for their actual loss and injury, by reason of the misconduct complained of. It does not appear, from the papers submitted on the appeal, in what way the fine above mentioned was made up, and there does not seem to be any evidence to warrant its imposition. This is a civil contempt, and the proceedings in reference to its commission and punishment are under the provisions of the Revised Statutes (3 R. S., 6 ed., p. 841, § 21), and by which it is provided that, if an actual loss or injury shall have been produced to any party by the misconduct alleged, a fine shall be imposed sufficient to indemnify such party, and to satisfy his costs and expenses, and that the sum be paid over to him on the order of the court. And, further, that in such case the payment and acceptance of the fine shall be an absolute bar to any action by such aggrieved party to recover damages for such injury or loss. The object of this statute was, as its language plainly imports, to secure absolute indemnity not only for loss and injury occasioned by the misconduct complained of, but, also, for the costs and expenses relating to, or occasioned by it; and this seems to embrace the extent of the power of the court.

The amount of the fine, to indemnify the person aggrieved for the loss and injury, must be fixed upon proof of the damages sustained, according to the rules of law which would apply in an action for such damages. (*Sudlow* v. *Knox*, 7 Abb. Pr., N. S., 411.) A fine of $710 was, therefore, excessive, and should be reduced to $376, and the order appealed from modified accordingly.

The defendant Steinart, assuming that he is an attorney and counselor of this court, has, by his misconduct, received, by the imposition of the fine and the proceedings consequent upon it, condemnation justly merited, and it may be that his misconduct will be the subject of further investigation affecting his professional standing.

Davis, P. J., and Barrett, J., concurred.

Order modified, as directed in opinion.